UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-439

RAYMOND B. BUTLER, PLAINTIFF

v. **OPINION AND ORDER**

LARRY CHANDLER, WARDEN DEFENDANT

\* \* \* \* \* \* \* \* \*

**I. PROCEDURAL HISTORY**

On August 17, 2005, plaintiff, Raymond B. Butler, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Consistent with local practice, this matter was referred to the United States Magistrate Judge for consideration.

The Magistrate Judge filed his proposed report and recommendation on August 25, 2005. Based on the initial review of the Petition (Rec. 1) and the applicable case law relevant to federal habeas corpus petitions, the Magistrate Judge concluded that the petitioner's habeas petition is time-barred and the petitioner is not entitled to any relief. Because the Petitioner made no objections to the Magistrate Judge's findings, on September 13, 2005, the Court adopted the Magistrate Judge's Report and Recommendations and denied the writ. (Rec. 3).

On September 6, 2005, Petitioner filed an untimely objection to the original Magistrate Judge's Report and Recommendations. While this court has already adopted the original report and issued a final order, the interests of justice suggest that this court should review and rule on the objections, even though they are untimely. *See* 28 U.S.C. § 636(b); *Vogel v. U.S. Office*

*Products Co.*, 258 F.3d 509 (6th Cir. 2001).

## II. FACTS

The facts in this case are basically undisputed. In 1998, Butler was involved in a domestic dispute with his then girlfriend, Patricia Hacker. On September 6, 1998, he became involved in an argument with Thacker's two siblings, Bobby Howard and Marcella Jo Thompson, over possession of a vehicle. After some undetermined amount of time, Butler asked his neighbor, Scott Lee, to drive him to the residence of Thompson where he then committed the crimes for which he was convicted. While at the residence, Butler fatally shot Howard and Thompson, both of whom were unarmed. He then shot and seriously wounded an unarmed neighbor, Homer Hensley, when Hensley arrived to investigate the gunshots. Before leaving the premises, Butler fired several shots into a nearby home and put the gun to the head of his ex-girlfriend, threatening to kill her, in front of her seven-year old child.

After being arrested by local police, Butler was indicted by the Laurel County Grand Jury and charged with multiple felonies, including two counts of murder, one count of kidnapping, one count of first degree assault, two counts of wanton endangerment and burglary in the first degree. On August 3, 1999 the Commonwealth offered and Butler accepted, a plea bargain that included two sentences of twenty-five years in prison without the possibility of parole for both murder counts, fifteen years for kidnapping, twenty years for assault, twenty years for burglary and five years each for the wanton endangerment charges. The Commonwealth agreed to allow all sentences to run concurrently, thus paving the way for Butler to spend twenty-five years in prison for his actions. Final judgment was entered by the trial court on September 8, 1999. As part of the plea agreement, Butler waived his right to appeal and then never pursued a direct

appeal of his convictions.

In 2002, three years after the original plea agreement, Butler filed a *pro se* state motion, challenging his conviction. The motion was denied on October 10, 2002, without a hearing. The Kentucky Court of Appeals affirmed this conviction in March of 2004 and the Kentucky Supreme Court denied discretionary review of the claim on August 18 of the same year. On August 16, 2005, Butler filed the present federal petition for a writ of habeas corpus, complaining that his counsel was ineffective in counseling him to plead guilty to the original charges.

On August 17, 2005, this court submitted the claim to a Magistrate Judge for a Report and Recommendation on the merits. Based on the initial review of the petition (Rec. 1) and the applicable case law relevant to federal habeas corpus petitions, the Magistrate Judge concluded that the petitioner's habeas petition is time-barred and the petitioner is not entitled to any relief. In addition, he determined that a Certificate of Appealability ("COA") should not be issued as the applicant has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

On September 13, 2005, after Butler failed to file any objections within the ten day time period, this court accepted the Report and Recommendation in total. Butler did ultimately file a set of objections on September 6, 2005, but this was not brought to the court's attention as it occurred after the deadline. Even though not required to do so, since receiving the objections this court has determined to consider the objections in the interest of justice. *See* 28 U.S.C. § 636(b); *Vogel v. U.S. Office Products Co.*, 258 F.3d 509 (6th Cir. 2001).

### III. ANALYSIS

**A. AEDPA Time Limitations**

Butler challenges all three of the Magistrate Judge's conclusions in his Report and Recommendation.  First, he claims that the filing of his habeas petition is not time-barred by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").  The AEDPA provides for a one-year period of limitation for all habeas petitions that runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review."  28 U.S.C. § 2244(d)(1).  In this case, having waived his right to appeal as part of his plea bargain, Butler did not take a direct appeal of his guilty or conviction and did not file his initial state collateral attack on his conviction until just under three years after the judgment against him was entered.

Butler claims that the state collateral attack motion resets his one-year time frame.  However this claim has been rejected repeatedly by this court.  The AEDPA one-year period of limitations is tolled during the time of proper state post-conviction proceedings, however if those proceedings have already expired, the filing of a *pro se* state collateral motion does not re-start the time frame.  *See Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001), *cert denied*, 122 S. Ct. 1081 (2002).   Retroactive tolling is not available to those seeking federal habeas relief and thus Butler's decision to use state collateral proceedings to challenge his conviction has no effect on his ability to bring this claim.

Butler also claims that he should be entitled to "equitable tolling" of the filing requirements because of his status as an incarcerated prisoner during the time and his lack of a legal education.  However if these were sufficient factors to allow equitable tolling, then there

would be no need to have any deadlines whatsoever, as virtually every habeas petitioner would meet these requirements. The law requires even uncounseled litigants to act with the time limits of statutes. *See Hannah v. Conley*, 49 F.3d 1193, 1196-96 (6th Cir. 1995). While Butler correctly points to the five-part balancing test described in, *Andrew v. Orr*, 851 F.2d 146 (6th Cir. 1988), as determining our inquiry in this area, Butler has given no rationale in his objections as to why his status is any different than that of virtually every habeas petitioner. Because this court must assume that equitable tolling procedures should be considered in light of the AEDPA framework, it cannot hold that factors present in nearly every case are sufficient to ignore the statute's requirements. Thus the court adopts the Magistrate Judge's recommendation that Butler's claim is time-barred.

**B. Procedural Default**

The Magistrate Judge found other alternative grounds for his denial of the writ, determining that Butler's guilty plea forecloses him from challenging his conviction at all on habeas review.[1] "It is well-settled that a voluntary and intelligent plea of guilty made by an accused person who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 505 (1984). In this case, Butler entered just such a plea. He never challenged his decision to make such a plea on direct appeal and only now claims that the decision was not one that was informed.

Because he did not challenge the validity of his plea on direct appeal, Butler is procedurally barred from raising such an issue on a habeas petition, absent a showing of "cause and prejudice." *Murray v. Carrier*, 477 U.S. 478, 485 (1986). Butler's only claim of "cause or

---

[1]The claim is one under 28 U.S.C. § 2254, not § 2255, as stated in the Magistrate Judge's report..

prejudice" is that he was given incompetent advice by his defense counsel on whether to enter a plea of guilty. While Butler could have pursued this argument in his habeas petition, it neither excuses his default nor rises to the level of "cause or prejudice" required to overcome the AEDPA time requirements.

More fundamentally, federal courts are only to excuse procedural default if a "fundamental miscarriage of justice" would occur. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In this case, Butler has made no claim of actual innocence of the crimes for which he has charged and the evidence of his guilt, including his confession in open court, is overwhelming. When one considers the magnitude of the crimes committed, it could easily be argued that Butler was fortunate to receive his twenty-five year sentence and it is clear that he encountered no "fundamental miscarriage of justice." While exceptions for procedural default due to actual innocence are important and cognizable, they are not applicable in this case.

### C.  Certificate of Appealibility

Finally, Butler challenges the Magistrate Judge's conclusion decision not to issue certificate of appealability ("COA") to review Butler's claims. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Whenever a district court denies a habeas petition on procedural grounds without determining the underlying merits, a COA should issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473 (2000). Neither of those two requirements are present here.

As previously noted, no jurist of reason could argue that the three-year delay in the filing of the habeas petition was excusable under AEDPA. Similarly, Butler has given no evidence of an actual violation of his constitutional rights and his only claim, that his attorney did not adequately prepare him for his guilty plea, is offset both by lack of factual evidence supporting it and his admission in open court to committing the crimes. Butler's guilty plea cannot be overcome by his argument that it was a difficult compromise which he was required to make or that he was motivated by a fear of greater punishment. *United States v. Cox*, 464 F.2d 937, 942 (6th cir. 1972). Overwhelming evidence of his guilt exists and not only is there nothing to suggest that Butler is innocent, but there is also nothing to suggest that he received anything but an overwhelmingly favorable plea. Thus this court will not issue a COA.

Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that

(1) plaintiff's petition for a writ of habeas corpus (Rec. 1) is DENIED and dismissed with prejudice; and

(2) a certificate of appealability should not be issued.

This the 28th day of October, 2005.

**Signed By:**

*Karen K. Caldwell*  KKC

**United States District Judge**